UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBIN M. REITZ,

    Plaintiff,

v.

NEWSWEEK MAGAZINE, et al.,

    Defendants.

Case No. C12-889-RSL

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action. Dkt. 1. After careful consideration of Plaintiff's proposed complaint, Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that Plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. BACKGROUND

Although Plaintiff's proposed complaint filed on May 22, 2012, is largely undecipherable, Plaintiff's action appears to stem from his contention that he was ridiculed in Newsweek Magazine while his daughter was missing. Dkt. 1-1 at 3.

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, Plaintiff's proposed complaint fails to allege sufficient facts to place any Defendant on notice of the nature of Plaintiff's claims or otherwise provide any basis for jurisdiction in this Court. *See* FRCP 8(a). Though Plaintiff has submitted multiple documents showing that he believes various people and entities have wronged him in various ways, Plaintiff has failed to state a cognizable legal claim against any Defendant and his proposed complaint thus appears frivolous. *See* Dkt. 1-1, Att. 1-6.

## IV. CONCLUSION

For all of the foregoing reasons, the Court recommends that Plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be

1  DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order
2  accompanies this Report and Recommendation.
3  DATED this 24th day of May, 2012.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3